JOSEPH DANIEL BISTANY v. WALTER BOYCE McGEE AND BETTY DIXON McGEE.

(Filed 22 March, 1961.)

APPEAL by defendant from *Huskins, J.,* August 29, 1960, Schedule "A" Civil Term, of MECKLENBURG.

Personal injury action in which the jury, having answered issues of negligence and contributory negligence in favor of plaintiff, awarded damages in the amount of $3,500.00.

At the close of all the evidence, judgment of voluntary nonsuit was entered as to Betty Dixon McGee, originally a defendant herein. Hence, the word "defendant" refers solely to Walter Boyce McGee.

Plaintiff's injuries were caused by a collision between a 1953 Mercury operated by plaintiff and a 1957 Chevrolet operated by defendant. The collision occurred in Charlotte, N. C., on October 31, 1958, about 7:40 p.m., at the intersection of Independence Boulevard and Hawthorne Lane. Automatic traffic control signals, erected for the regulation of traffic at this intersection, were functioning properly at the time of the collision.

Independence Boulevard is a six-lane street, three lanes for eastbound and three for westbound traffic. It is approximately 82 feet wide from curb to curb. Hawthorne Lane, a north-south street, is approximately 44 feet wide. In the center of Independence Boulevard, at the approaches to Hawthorne Lane, a cement traffic island (some seven inches high) separates the eastbound from the westbound lanes.

Plaintiff, driving east on Independence Boulevard, approached the intersection in the left (north) lane for eastbound traffic in order to make a left turn into and proceed north on Hawthorne Lane. Defendant's purpose, driving west on Independence Boulevard, was to proceed through the intersection and continue west on Independence Boulevard. There was evidence that the collision occurred in that portion of the intersection where the center westbound lane of Independence Boulevard crosses Hawthorne Lane.

Conflicting evidence as to the basic factual situation includes the following:

Plaintiff's evidence tends to show that, as he approached said intersection, the traffic light facing him was green; that he proceeded some five feet into Hawthorne Lane and stopped; that cars were in the left (south) lane for westbound traffic, the proper lane from which to make a left turn and proceed south on Hawthorne Lane; that he turned left and started across the lanes for westbound traffic on Independence Boulevard and headed north on Hawthorne Lane (1) after

the traffic light facing him had changed to yellow, (2) after a car or cars in the left (south) lane for westbound traffic on Independence Boulevard had stopped, and (3) after looking but observing no westbound car in either the center or right (north) lane for westbound traffic on Independence Boulevard; and that the traffic light facing defendant (after first changing to yellow) had changed to red before defendant reached and entered the intersection.

Defendant's evidence tends to show that he approached and entered the intersection in the center lane for westbound traffic on Independence Boulevard when the traffic light facing him was green; that he observed plaintiff had stopped in the intersection, apparently waiting for westbound traffic to clear the intersection before he attempted to make a left turn; and that, just as defendant reached the intersection, plaintiff made a sudden left turn across defendant's line of travel.

Judgment was entered in accordance with the verdict. Defendant excepted and appealed, assigning errors.

*Robert F. Rush, John F. Ray and Charles T. Myers for plaintiff, appellee.*

*Pierce, Wardlow, Knox & Caudle and Stuart R. Childs for defendant, appellant.*

PER CURIAM. The conclusion reached is that the evidence, when considered in the light most favorable to plaintiff, presented a question for jury determination upon the issues submitted. Defendant's motions for judgment of nonsuit were properly overruled.

Careful consideration of each of the assignments of error brought forward and discussed in defendant's brief fails to disclose any error of law deemed of sufficient perjudicial effect to warrant a new trial. As to assignments of error relating to the court's charge, the instructions given were sufficient to draw into focus the crucial questions of fact for jury determination and to apply the law thereto in substantial accord with the decisions of this Court. No new question of law is involved. Hence, it would serve no useful purpose to discuss each of defendant's assignments of error in detail.

No error.